# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:   Jamie M. Haas<br>　　　　　　Debtor,<br><br>Fulton Bank of New Jersey, or its Successor or Assignee<br>　　　　　　Movant,<br><br>　　　　vs.<br><br>Jamie M. Haas and  William C. Miller, Esq., Chapter 13 Trustee<br>　　　　　　Respondents. | Chapter 13<br><br>Bankruptcy No. 18-11474-amc<br><br>Hearing Date and Time: October 2, 2018 at 11:00 a.m. |

## MOTION OF FULTON BANK OF NEW JERSEY TO ALLOW LATE CLAIM

　　　Movant, Fulton Bank of New Jersey (hereinafter the "Movant"), by and through its attorney, Raymond Kempinski, Esquire, hereby moves for allowance to file a late claim pursuant to 11 U.S.C. §§ 501 and 502 of Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and in support thereof avers as follows:

　　　1.　　On March 5, 2018, Jamie M. Haas, (hereinafter the "Debtor") filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code, which case was docketed in the United States Bankruptcy Court for the Eastern District of Pennsylvania as Case No. 18-11474-amc (hereinafter the "Debtor's Bankruptcy").

　　　2.　　The last day for filing proofs of claim in the Debtor's Bankruptcy was May 14, 2018.

　　　3.　　On October 15, 2010, Debtor executed and delivered a Mortgage and Note, (hereinafter the "Mortgage") in the original principal amount of $10,000.00 to The Bank and said Mortgage was secured by a lien on the property known as and located at 4419 Richmond Street, Philadelphia, PA 19137 (hereinafter the "Property") and was duly recorded on March 22, 2011 with the Commissioner of Records in the City of Philadelphia as Document Id 52328612.

　　　4.　　On October 12, 2011, the Movant acquired the Mortgage through a merger. A true and correct copy of the merger documentation is in Movant's Proposed Proof of Claim, attached hereto as Exhibit "A".

5.      Federal Rule of Bankruptcy Procedure 9006(b)(1) grants the court discretion to allow for late filing due to excusable neglect. Due to an administrative error, the Movant was unable to file a timely proof of claim. In order for Debtor to cure the pre-petition mortgage arrears with regards to the property secured by Movant's claim, Movant must be permitted to file a late Proof of Claim so that the Debtor may file a feasible Chapter 13 Plan. Therefore, this Court should exercise its discretion pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1).

6.      If this Motion is granted, Movant will file the attached proposed Proof of Claim (See Exhibit "A"), with all necessary exhibits.

7.      Counsel for Movant respectfully requests this Court exercise its discretion under Federal Rule of Bankruptcy Procedure 9006(b)(1) to allow Creditor to file its proof of claim pursuant to 11 U.S.C. §§ 501 and 502 of Rules 3003(c)(3) after the bar date.

WHEREFORE, Movant prays for an order permitting Movant to file its Proof of Claim after the bar date.

Dated: August 30, 2018

Respectfully submitted,
McCABE, WEISBERG & CONWAY, LLC

/s/ Raymond Kempinski
Ann E. Swartz, Esquire, I.D. # 201926
Alexandra T. Garcia, Esquire, I.D. # 307280
Raymond Kempinski, Esquire, I.D. #93839
McCabe, Weisberg & Conway, LLC
123 S. Broad Street, Suite 1400
Philadelphia, PA  19109
Telephone: (215) 790-1010
Facsimile: (215) 790-1274
ecfmail@mwc-law.com
Attorney for Movant